Gao v. Holder

BIA
Vomacka, IJ
A088 336 075

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of March, two thousand fourteen.

PRESENT:
        ROBERT A. KATZMANN,
                *Chief Judge,*
        BARRINGTON D. PARKER,
        REENA RAGGI,
                *Circuit Judges.*

_____

MING GAO,
        *Petitioner,*

                                        12-2003

        v.                              NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:        Gabriel S. De La Merced, New York, New York.

FOR RESPONDENT:        Stuart F. Delery, Acting Assistant Attorney General; Russell J. E. Verby, Senior Litigation Counsel;

**Monica Antoun, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner, Ming Gao, a native and citizen of the People's Republic of China, seeks review of an April 18, 2012, decision of the BIA affirming the July 29, 2010, decision of Immigration Judge ("IJ") Alan A. Vomacka, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ming Gao*, No. A088 336 075 (B.I.A. Apr. 18, 2012) ("BIA Op."), *aff'g* No. A088 336 075 (Immig. Ct. N.Y. City July 29, 2010) ("IJ Op."). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we have reviewed the decision of the IJ as modified and supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are

well-established.  *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).  Because Gao does not challenge the agency's denial of CAT relief, we have reviewed only the denial of asylum and withholding of removal.

Gao argues that the agency erred by finding that he failed to demonstrate that he suffered past persecution and that he has a well-founded fear of future persecution based on his practice of Falun Gong.  Although "credible testimony alone may be enough to carry the alien's burden of proof," an IJ may "require that credible testimony of the alien be corroborated in circumstances in which one would expect corroborating evidence to be available and presented in the immigration hearing."  *Chuilu Liu v. Holder*, 575 F.3d 193, 196-97 (2d Cir. 2009) (internal quotation marks and alteration omitted); *see id.* at 199 (holding that alien bears "ultimate burden of introducing such evidence without prompting from the IJ" or of "explain[ing] the absence of such corroborating evidence"); *see also* 8 U.S.C. § 1158(b)(1)(B)(ii) ("Where the trier of fact determines that the applicant should provide evidence that corroborates otherwise credible testimony, such evidence must be provided unless the applicant does not have the evidence and cannot reasonably obtain the evidence.").

Here, the BIA declined to analyze the IJ's overall assessment of Gao's credibility, instead agreeing with the IJ that Gao failed to provide reasonably available evidence to corroborate his claims of past persecution and feared future persecution in China on account of his practice of Falun Gong. Indeed, the IJ labeled the absence of corroborating evidence "the greatest weakness in [Gao]'s presentation of his case." IJ Op. 14, C.A.R. 57. "In this posture, we may not rest our holding on the IJ's credibility findings," if any, "because the BIA did not affirm and adopt those findings." *Yan Chen v. Gonzales*, 417 F.3d at 271. Rather, we assume Gao's "credibility as to his testimony concerning the events of his past and as to his subjective fear of future persecution," *id.* at 271-72, and evaluate only the BIA's determination regarding corroboration, which "we review with substantial deference," *Chiulu Liu v. Holder*, 575 F.3d at 197-98 (citing 8 U.S.C. § 1252(b)(4) (prohibiting reviewing court from "revers[ing] a determination made by a trier of fact with respect to the availability of corroborating evidence" unless "reasonable trier of fact [would be] compelled to conclude that such corroborating evidence is unavailable")).

On an independent review of the record, we hold that a reasonable factfinder under the circumstances could conclude that evidence corroborating the claimed persecution, missing from the record, was reasonably available to Gao. Specifically, the BIA noted that Gao's roommate, who purportedly knew of Gao's Falun Gong activities, did not appear to testify at the hearing before the IJ. The IJ expressly found Gao's explanation for this omission, *i.e.*, that the roommate worked for long stretches away from home, to be unsatisfactory. The BIA also observed, as did the IJ, that Gao presented no statements or testimony as to his involvement in Falun Gong in the United States from individuals based in New York with whom he traveled to Washington, D.C., to protest Chinese treatment of Falun Gong practitioners.[1] To the extent Gao did furnish supporting statements from his brother and sister, along with unidentified persons residing in China, the BIA reasonably concluded that the IJ was entitled to afford those hearsay

---

[1] Gao claimed before the IJ that only one of these acquaintances could possibly have testified on his behalf, because only that person knew him well at the time of the D.C. trip, *see* Tr. 72, C.A.R. 143, but that the person was afraid to testify because he or she lacked lawful immigration status. This does not explain, however, why none of Gao's fellow practitioners in New York could testify about his activities since then.

5

statements minimal weight, as they simply tracked Gao's own account and lacked the proper foundation in any event. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (holding that weight to be afforded applicant's evidence in immigration proceedings lies largely within agency's discretion).

Insofar as the BIA's decision may be read to fault Gao for not providing in-person testimony from each of his brother and a fellow practitioner of Falun Gong, because those individuals allegedly lacked lawful immigration status, the BIA may have erred. *See Yan Juan Chen v. Holder*, 658 F.3d 246, 253 (2d Cir. 2011) (observing, though not deciding, that it may be inappropriate to fault applicant for failing to present corroborating witness who is "unrelated to her and [who] ha[s] no incentive to appear on her behalf that would counterbalance [witness's] fear of being apprehended"). *But see* BIA Op. 2 (affirming IJ's finding that Gao "failed to show that he could not have reasonably obtained in-person testimony from *at least some of*" persons identified by BIA (emphasis added)). Nevertheless, substantial evidence supports the BIA's corroboration finding irrespective of these persons' potential testimony. *See Alam v. Gonzales*, 438 F.3d 184,

187-88 (2d Cir. 2006) (noting that legal error does not warrant remand if there is no realistic possibility that, absent error, IJ or BIA would have reached different conclusion).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk